# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ANDREW ROTH,**

      **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　**Case No: 6:22-cv-505-CEM-DCI**

**WASTE PRO USA, INC.,**

      **Defendant.**

## REPORT AND RECOMMENDATION

This cause comes before the undersigned because the Plaintiff has filed an Acceptance of Defendant's Offer of Judgment. Doc. 14 (the Acceptance). The matter has been referred for case management (Doc. 15), and the undersigned has determined based on the filings that the Notice (Doc. 14) should be construed as a motion and that a report and recommendation is necessary to resolve that motion and address the disposition of the case.

### I.　　Background

Plaintiff initiated this action against Defendant under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 255, to recover compensation after a collective action Plaintiff opted into was decertified. Doc. 1. Plaintiff seeks recovery of overtime compensation along with liquidated damages equal to the amount of the unpaid compensation. *Id.* at 13-14. May 11, 2022, Plaintiff filed the Acceptance stating that Defendant served Plaintiff with an offer of judgment on April 26, 2022, and Plaintiff accepts judgment in the amount of $350.00 for all claims asserted in the Complaint, exclusive of attorney fees and costs. Doc. 14 at 1. By Order dated May 31, 2022, the undersigned directed all counsel to file another notice stating whether the parties have entered into any agreement that has not been disclosed to the Court. Doc. 16. The parties filed a joint notice in

response in compliance with the Order. Doc. 17 (the Joint Notice). For the reasons stated herein, the undersigned recommends the Court enter judgment in Plaintiff's favor and that the case be dismissed.

## II. Applicable Law

In *Lynn's Food Stores*, the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). A court may only enter an order approving a settlement if it finds that the settlement "is a fair and reasonable resolution of a bona fide dispute," of the plaintiff's FLSA claims. *Id.* at 1353–55.

Relevant here, "a Rule 68 offer of judgment is an acceptable method of resolving a case brought pursuant to the FLSA." *Mackenzie v. Kindred Hosps. E., LLC*, 276 F.Supp. 2d 1211, 1216 (M.D. Fla. 2003). Even so, the acceptance of a Rule 68 offer of judgment in an FLSA case does not relieve the Court of its obligation of make the *Lynn's Food* finding. *See Dees v. Hydradry, Inc.*, 706 F.Supp. 2d 1227, 1240 (M.D. Fla. Apr. 19, 2010) ("To the extent that the employee receives a full wage but relinquishes something else of value, the agreement (even if exhibited to the court as a stipulation for 'full compensation' or an offer of judgment) involves a 'compromise,' and *Lynn's Food* requires judicial approval of the compromise."). While non-compromised claims are not subject to plenary review, the initial determination of whether a plaintiff receives full compensation is reserved for the district court. *Id*. at 1247 ("As an initial matter, the district court must determine whether the employee purports to compromise an FLSA right."). Where "judicial

inquiry confirms both 'full compensation' and 'no side deal' (in other words, the absence of compromise)," however "no further judicial inquiry is necessary." *Id*. at 1240.

### III. Discussion

According to the Acceptance, "Plaintiff states that the dollar amount from the Offer of Judgment which Plaintiff accepted constitutes complete full relief of all wages and liquidated damages claimed under the Fair Labor Standard Act, and Plaintiff did not compromise his claims." Doc. 14 at 1. Plaintiff provides that subsequent to judgment being entered, the Plaintiff will seek attorney fees and costs pursuant to Local Rule 7.01 and the FLSA. *Id*.

In light of *Dees*, the undersigned instructed all counsel to file a notice stating whether the parties have entered into any agreement (oral or in writing) that has not been disclosed to the Court and (a) is in any way related to this action; or (b) otherwise contains a release extending beyond the FLSA claims, a confidentiality provision, or a non-disparagement provision. Doc. 16. The parties filed the Joint Notice and represent that other than Plaintiff's acceptance of the offer of judgment, there is no such agreement. *Id*.Doc. 17 at 1.

Based on the foregoing, the undersigned finds that judicial inquiry demonstrates that there is full compensation for Plaintiff's claims with no "side deals." There is nothing before the Court that undermines or contradicts the parties' representations regarding Plaintiff's full relief, which are made through counsel. Accordingly, the undersigned recommends that no further inquiry is warranted. *See Dees*, 706 F. Supp. 2d at 1240.

### IV. Conclusion

Accordingly, the undersigned **RECOMMENDS** that the Court construe the Notice (Doc. 14) as a motion and that the motion be **GRANTED** such that:

1. The Court enter a final judgment in favor of Plaintiff in the amount of $350.00, exclusive of attorney fees and costs;

2. **DISMISS** the case with prejudice; and

3. Direct the Clerk to **CLOSE** the case.

## NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on July 20, 2022.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy